OSCAR 'ALLEN, APPELLEE, v. SCHOOL DISTRICT NOS. 19 AND 41, JOINT, OF BUFFALO AND HALL COUNTIES, NEBRASKA, APPELLANT.

FILED APRIL 24, 1911.   No. 16,920.

1. Schools and School Districts: BONDS: ELECTIONS: NECESSITY FOR PETITION. Section 3, subd. XV, ch. 79, Comp. St. 1909, requires that, before an election is called under the preceding section upon the question of issuing bonds of the school district, a petition must be filed with the school board suggesting the calling of such election, and that such petition must suggest that the bonds be issued for some one or all of the purposes specified in the statute. An election for that purpose called without such petition is invalid and does not authorize the issuing of the bonds.

2. ———: ———: ———: SUFFICIENCY OF PETITION. In such case, if the petition suggests that the bonds be issued "to build a new public school building," an election called to vote upon the proposition to issue bonds for the purpose of "building *and furnishing* a new school house" is invalid.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*John J. Sullivan,* for appellant.

*E. C. Page, contra.*

SEDGWICK, J.

The defendant school district issued bonds in the sum of $30,000, and the plaintiff contracted with the district to purchase the bonds when they were duly issued so as to be a valid and binding obligation of the district, and deposited his check with his proposition to buy the bonds, and the check is now under the control of the school district. The plaintiff has demanded the return of the check on the ground that the bonds are invalid.

Under the stipulation of facts, the question depends upon the validity of the bonds, and that in turn depends upon the sufficiency of the petition filed with the school board suggesting the calling of the election. Section 2, subd. XV, ch. 79, Comp. St. 1909, provides: "No bonds shall be issued until the question has been submitted to the qualified electors of the district, and two-thirds of all the qualified electors present, and voting on the question, shall have declared by their votes in favor of issuing the same at an election called for the purpose, upon a notice given by the officers of the district, at least twenty days prior to such election." Section 3 of the same subdivision provides: "No vote shall be ordered upon the issuance of such bonds, unless a petition shall be presented to the district board, suggesting that a vote be taken for or against the issuing of such amount of bonds as may therein be asked for, to purchase a site for, or build a school house, or houses, or for furnishing the necessary furniture and apparatus for the same, or for all of these purposes, which petition shall be signed by at least one-third of the qualified voters of such district; provided, that the board of education in any city of the metropolitan class may order a vote upon the issuance of such bonds, without a petition therefor." The petition presented to the district board suggested that a vote be taken for or against the issuing of the bonds in the amount of $30,000 "to build a new public school building." The petition was regular in form and signed by

the required number of petitioners, and pursuant thereto an election was called and notice thereof duly posted as the law requires, in which notice it was stated that the proposed bonds were to be issued for the purpose of "building and furnishing a new school house" The objection to the legality of the bonds is that the election was called for the purpose of voting upon the question of issuing bonds for the building and furnishing a new school house, and the petition of the voters authorizing the calling of the election suggested the single purpose of building, and not of furnishing. It appears to be conceded that the provisions of the statute are mandatory, and must be substantially complied with, or the bonds issued will not be valid.

The argument is that they have been substantially complied with. The question depends upon the meaning of the third section. The purposes for which the electors may by petition suggest the calling of an election to vote upon the question of issuing bonds are: "To purchase a site for, or build a school house, or houses, or for furnishing the necessary furniture and apparatus for the same, or for all of these purposes." It seems clear that the school board is without power to call an election to issue bonds for any purpose that is not suggested in the petition signed by the necessary number of electors of the district. Bonds that are issued for any purpose that is not suggested by this petition are issued in violation of the statute. In the petition filed by the voters in this case there was no suggestion that bonds be issued for the purpose of furnishing the school house. Therefore the school board was without authority to issue bonds or to call an election for that purpose. The fact that the voters may suggest the issuing of the bonds for any and all of the purposes mentioned does not authorize the calling of an election for all of the purposes mentioned in the statute, unless such action is suggested in the petition. This seems to us to be the plain meaning of the statute, and we think that there is a substantial reason

for such restriction upon the power of the board. It will be noticed that at the election it is not required that a majority of the voters of the district shall declare by their votes in favor of issuing the bonds, but only two-thirds of those present and voting upon the question. This may be a very small minority of the qualified voters of the district. One-third of all the voters of the district may be in favor of issuing bonds for the purpose of building a new school house, but not in favor of expending the money so raised for new furniture. Undoubtedly it is often expected that a new building will be newly furnished, but, if the furniture already owned by the district is sufficient for the new building in the judgment of the electors, the statute permits them to so determine. Manifestly the several purposes for which bonds may be issued as named in the statute are separate and distinct, and the intention of the statute is to prevent a small minority who may participate in the election from devoting the proceeds of the bonds to any one of these purposes, not suggested in the petition. It must first be ascertained that at least one-third of the electors of the district are in favor of so expending the money raised by the issuing of the bonds. School districts are classified by statute, and ordinary districts which contain no city of 1,500 or more inhabitants cannot hold an election to vote upon the question of issuing bonds for any of the purposes enumerated in the statute, unless such purpose is suggested by petition of at least one-third of the electors of the district. In districts which include cities having a large number of inhabitants many questions are necessarily referred to the representatives of the people; but in the smaller districts all of the electors are informed as to the condition and needs of the district, and the burden of taxation for the support of the school falls upon so few individuals that they are expected to consider and determine such matters for themselves without the necessity of delegating such authority. The requirement of this petition before calling the election guarantees that

at least one-third of all of the electors in the district approve of issuing bonds in the amount named for the particular purpose specified, and the funds so provided must be devoted to the purpose specified, and not devoted to any purpose named in the statute, and not specified in the petition. Therefore the distinction that the statute makes is not a technical one, but is substantial, and whether the policy of the legislature in this regard is sound or otherwise, the courts are without power to interfere.

This was the judgment of the district court, and we conclude that it is right, and it is therefore

AFFIRMED.